IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GARY D. STOKES,<br><br>      Plaintiff,<br><br>vs.<br><br>LIFE INSURANCE OF NORTH AMERICA,<br><br>      Defendant. | Case No. CV 06-411-S-LMB<br><br>**MEMORANDUM DECISION AND ORDER** |

**1.     Motion to Compel**

In this action to recover for the bad faith refusal to pay an insurance claim, plaintiff Stokes seeks to compel discovery from defendant North America. Stokes moves to compel production of (1) materials regarding North America's claims handling policies and procedures, including the Book of Operating Knowledge; (2) personnel files for four specific claims handlers who had substantial involvement with Stokes' claim; (3) form letters regarding the denial of claims; (4) compliance guidelines; (5) denial strategies; and (6) "Thursday denial practices."

The Court turns first to the Book of Knowledge. It is the operations manual containing LINA's policies and procedures. LINA refused to provide the entire

**Memorandum Decision & Order – Page 1**

Book, claiming it was too expensive to produce, and offering instead a 43-page index with a promise to "produce any relevant sections of the [Book] that [Stokes] requested." *See Braley Declaration* at p. 2.  Apparently LINA would decide what portions were relevant.

This offer ignores three important principles of discovery.  First, it ignores the standard for discovery in Rule 26(b)(1): Discoverable evidence is not limited to relevant evidence but includes anything "reasonably calculated to lead to the discovery of admissible evidence."  The Book clearly qualifies as discoverable evidence under this standard.  Second, the index offer ignores the importance of context:  Crucial provisions of the Book could be buried under an index topic that failed to reveal their existence.  Third, it ignores the right of Stokes to determine for himself what portions of the Book are important to his claim.

What of LINA's claim that the Book is too expensive to reproduce?  LINA maintains a single version of the Book on its website, and the litigation support technicians at their counsels' firm – Holland & Hart – "have tried, without success, to convert LINA's electronic version of the Book of Knowledge into a readily-useable format."  *See Braley Declaration* at ¶ 11.  The only way the Book can be accessed is by printing out each web page, a process that is "extremely time-consuming and expensive," according to LINA's counsel.  *Id*.  The Court is well-

**Memorandum Decision & Order – Page 2**

familiar with Holland & Hart's technicians, having seen their outstanding work in other litigation. If they cannot solve the riddle of the Book, it is unlikely that anyone else can.

LINA's sealed-book strategy seems designed to bury opponents in costs, and its appearance is patently offensive. Nevertheless, LINA demands that Stokes bear the cost of reproducing the Book. Justice Cardozo swept that same argument aside with the back of his hand: "He who prevents a thing from being done may not avail himself of the non-performance which he has himself occasioned." *R.H. Stearns Co. v. United States*, 291 U.S. 54, 61 (1934) (quoting *Dolan v. Rodgers*, 149 N.Y. 489, 491, 44 N.E. 167 (1896)). Along the same lines, the Court in *Calabrian Co. v. Bankok Bank, Ltd.*, 55 F.R.D. 82, 87 (S.D.N.Y.1972) held that "[s]ince plaintiff created this situation . . . it seems only reasonable that plaintiff should bear the burden of any inconvenience resulting from the situation it has created." Applied here, these cases stand for the proposition that since LINA is responsible for the expensive format, it must pay the expense for producing the Book.

With regard to the other matters sought, they are all likewise discoverable, and must be produced unless already produced. Accordingly, the Court will grant the motion to compel in all respects.

**Memorandum Decision & Order – Page 3**

2. **Motion for Sanctions**

Pursuant to Rule 37(a)(5)(A), the Court "must" require LINA to pay Stokes reasonable expenses incurred in making the motions here, including attorney fees, unless the Court finds applicable one of the three identified exceptions at subsections (i) to (iii).  The Court has examined those three subsections and finds that they do not apply here.  Accordingly, the Court will grant that part of the motion seeking the fees and costs associated with filing the motion to compel and the motion for sanctions and all supporting documentation.

The Court seriously considered other sanctions.  LINA failed to respond in a timely manner to Stokes' motion for sanctions, only filing a response nine days after the deadline with no excuse for the late-filing and no accompanying motion to allow the late filing. The response brief shall be stricken.  In considering additional sanctions, however, the Court finds that Rule 37(b) requires a violation of a Court order.  That is not the case here, and hence the Court will award no other sanctions.

**Memorandum Decision & Order – Page 4**

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to compel (docket no. 26) is GRANTED.

IT IS FURTHER ORDERED, that the motion for sanctions (docket no. 31) is GRANTED IN PART AND DENIED IN PART.  It is granted to the extent it seeks an award of fees and costs incurred by plaintiff to file the motion to compel and motion for sanctions and all accompanying documents.  It is denied in all other respects.

IT IS FURTHER ORDERED, that plaintiff Stokes shall file a fee petition within ten (10) days from the date of this decision.

IT IS FURTHER ORDERED, that the Response to Motion for Sanctions (docket no. 43) shall be STRICKEN FROM THE RECORD.

DATED:  **July 3, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge